In re GENERAL MARINE CONSTRUC-
TION CORP.

Application to Operate Vessels for the Trans-
portation of Heavy Material and Equip-
ment between Portland and All Islands in
Casco Bay.

Supreme Judicial Court of Maine.

Jan. 14, 1971.

Verrill, Dana, Philbrick, Putnam & Williamson, by Roger A. Putnam, Michael Healy, Portland, for plaintiff.

Henry Steinfeld, Charles A. Lane, Portland, for defendant.

Horace S. Libby, Augusta, for P. U. C.

Before DUFRESNE, C. J., and WEBBER, WEATHERBEE, and POMEROY, JJ.

WEBBER, Justice.

This was an appeal from an order of the Public Utilities Commission granting a permit to General Marine Construction Corp. to engage in water carrier service limited as follows:

"Irregular Routes. Heavy equipment and material which, because of its size or weight requires the use of a crane-equipped barge in unscheduled service between Portland and (certain islands of Casco Bay) and between said islands."

The Intervenor Casco Bay Lines, Inc., a water common carrier furnishing scheduled service for the transportation of persons and property between Portland and the islands, has appealed from said order. We will deal with the issues in the order in which they are presented by the points of appeal.

1. Whether the Commission abused its discretion in failing to reopen the proceeding and give a rehearing and reconsideration as requested by the Intervenor by its motion dated February 12, 1970.

The Commission heard the application on August 27, 1969 and filed its decision on January 26, 1970. On February 11, 1970 the Intervenor filed its petition for reopening asserting a number of grounds, only one of which need concern us here, the others being also grounds for appeal to be considered later in this opinion. The Intervenor alleged in the petition that at some unspecified time it had purchased a barge, the date of purchase being subsequent to the time of hearing. The Commission declined to reopen the proceeding and now contends that, absent any representation that the barge was equipped with a crane and that Intervenor owned a tug to propel such a barge, it could fairly conclude that the proffered evidence would not change the result. Whether a matter shall be reopened is within the sound discretion of the Commission—reopening is not a matter of right. Augusta Water District v. White (1966), Me., 216 A.2d 661. We cannot say that upon this record there was any abuse of the Commission's discretion.

2. Whether the Commission erred in finding that the public convenience and necessity required the granting of the permit to General Marine Construction Corp. in that the record lacks substantial evidence to support such finding of public need and necessity.

We apply the familiar rules restated in In re United Parcel Service, Inc. (1969), Me., 256 A.2d 443, 450 and Biddeford and Saco Gas Co. v. Portland Gas Light Co. (1967), Me., 233 A.2d 730, 736 with respect to review of Commission decisions.

On the basis of substantial evidence the Commission found:

"As previously stated, the Applicant has established a need for unscheduled transportation service to handle ship-

ments of heavy equipment and material. It has not and did not attempt to show a need for the operation of a general freight service such as that now being adequately provided by the Intervenor. The term 'heavy material and equipment,' however, requires further elaboration in order to avoid confusion and to eliminate, insofar as possible, the necessity for frequent interpretation. It would not appear that this can be accomplished by specifically naming certain commodities, nor are we convinced that a weight per shipment restriction is appropriate. In the circumstances, we are of the opinion that the authority to be issued should provide for the transportation of heavy equipment and material which, because of the size or weight of the shipment, requires a crane-equipped barge to economically and efficiently perform the service.

"Upon consideration of the record herein, we make the following findings of fact—that the services of the Applicant as hereinafter authorized (1) are in the public interest and will not be contrary to the policy of this Commission; (2) will not impair the efficient public service of authorized common carriers; (3) are justified by the evidence; and (4) the Applicant is fit, willing, and able to perform a transportation service for heavy equipment and material by barge and to conform to the provisions of Chapter 174, P & SL 1963, and the rules and regulations of this Commission that have been or may be issued thereunder."

We cannot say that on this record there is no adequate support for the Commission's conclusion that public convenience and necessity require the limited additional service authorized by the permit granted to the Applicant.

■ The appellant contends that the Commission should have completely disregarded the evidence given by one witness who was shown to be a close friend of the president of General Marine and to have rendered some financial assistance to that company. These were matters going to the weight of the testimony. We certainly cannot say that the Commission was thereby compelled to give no weight to the testimony of this witness, especially in view of the fact that his recital of past experience with the Intervenor's service was not contradicted and in substance was consistent with other evidence in the case.

3. Whether the Commission erred when it did not make a specific finding or a specific statement in its decree that the Commission itself, as distinguished from its subordinate officers and employees, had viewed the evidence and exhibits in the case before coming to a conclusion.

■ In this case hearing was conducted by two examiners appointed by the Commission pursuant to the authority vested by 35 M.R.S.A. Sec. 299. The statute provides in part:

"Evidence so taken and received shall have the same force and effect as though taken and received by said commission and shall authorize action by said commission as though by it taken and received."

The decision of the Commission was rendered by two Commissioners, one not participating, and contained the phrase (included in the above quotation), "Upon consideration of the record herein, we make the following findings of fact * * *." The Intervenor does not challenge the use of hearing examiners and concedes that the examiners may properly "influence" the decision of the Commission as long as that decision is in truth and in fact the decision of the Commission and not merely the decision of the examiners. What the Intervenor urges is that "the very least which should be required to insure procedural fairness is that the members of the Commission be required to state in their decision that they personally reviewed the rec-

ord in the proceedings and that their decision is based on the review of the record." In order to afford the hearing required by law, it was the duty of the Commission to consider and appraise the evidence. Morgan v. United States (1936) 298 U.S. 468, 482, 56 S.Ct. 906, 912, 80 L.Ed. 1288. But this does not mean the Court is required to examine the precise administrative mechanics by which such consideration and appraisal is effectuated or to "probe the mental processes of the (Commission) in reaching (its) conclusions." Morgan v. United States (1938) 304 U.S. 1, 18, 58 S.Ct. 773, 776, 82 L.Ed. 1129. Moreover, the presumption of regularity has application. "The presumption of regularity supports the official acts of public officers, and, in the absence of clear evidence to the contrary, courts presume that they have properly discharged their official duties." United States v. Chemical Foundation (1926) 272 U.S. 1, 14, 47 S.Ct. 1, 6, 71 L.Ed. 131. In the instant case the Commission has seen fit to state that it acted "upon consideration of the record herein" and we are unaware of any rule that would require a more precise exposition of the nature of that "consideration."

4. Whether the Commission erred in granting a greater amount of authority to the Applicant, General Marine Construction Corporation, than was reasonably necessary to support their conclusions as to the specific need, and that said grant of authority went beyond the findings as expressed by the Commission in its decree.

█ The Commission carefully limited the scope of the service to be offered by the Applicant and stated its reasons for the limitations imposed. As already noted the order employed the language, "Heavy equipment and material which, because of its size or weight *requires* the use of a *crane-equipped* barge." (Emphasis ours.) The Intervenor contends that this language is still not sufficiently definite to dispel controversy and suggests in place thereof, "Heavy material which, because of its size or weight, *can only be, and must in fact be loaded and offloaded* by the use of a crane-equipped barge." (Emphasis ours.) We think the parties are engaged in unnecessary semantical warfare. A fair interpretation of the Commission's present order leads to a practical result not unlike that which the Intervenor seeks. The Commission made clear that the Intervenor was to enjoy some protection in furnishing the type of general freight service which it can provide economically and efficiently with its existing facilities. The Commission stated, "We are well aware of the necessity for the Intervenor to obtain as much revenue-producing business as possible, as there can be no doubt that it provides an important public service to the islands in Casco Bay. * * * In the circumstances, we are of the opinion that the authority to be issued should provide for the transportation of heavy equipment and material which, because of the size or weight of the shipment, requires a crane-equipped barge *to economically and efficiently perform the service.*" (Emphasis ours.) In short, the Applicant is not to be permitted to accept shipments merely because they are heavy or large or merely because they require the use of a barge. The shipment must be of such a nature as to require the use of a "crane-equipped" barge if the Applicant is to accept it, which clearly indicates that the availability of the crane is a decisive factor. Conversely, if the Intervenor can with its facilities and with no crane-equipped barge available economically and efficiently perform the service, that shipment is beyond the scope of Applicant's permit since in such a case a "crane-equipped" barge is not "required." Although the Commission may occasionally be called upon to interpret its order with respect to specific shipments, we see no occasion to hold that the order promulgated granted more authority to the Applicant than was warranted or necessary to meet the need found to exist. We con-

strue the permit as narrow in scope and are satisfied the Commission so intended.

The entry will be

Appeal denied.

Decision of Public Utilities Commission affirmed.

MARSDEN, J., sat at argument but retired before the decision was rendered.